**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| MANUEL CABRERA, ) | |
| ) | Case No: 17-CIV-60500-Bloom/Valle |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| HAIMS MOTORS, INC., ) | |
| ) | |
| Defendant. ) | |
| _____/ | |

**PLAINTIFF'S VERIFIED MOTION FOR TAXATION OF**
**ATTORNEY'S FEES WITH INCORPORATED MEMORANDUM OF LAW**

Plaintiff, MANUEL R. CABRERA, by and through his undersigned counsel, hereby moves this Court for an award of attorneys' fees and costs against Defendant, HAIMS MOTORS, INC., pursuant to Fed. R. Civ. P. 54, pursuant to the Truth In Lending Act, the Florida Consumer Collection Practices Act, and the Florida Deceptive and Unfair Trade Practices Act. In support thereof, Plaintiff submits the following Memorandum of Law.

**MEMORANDUM OF LAW**

**I. PRELIMINARY STATEMENT**

Plaintiff sued Defendant for deceptive trade practices in connection with the sale of a 2015 Infiniti by Defendant to Plaintiff. More specifically, Plaintiff sued Defendant for violation of the Truth In Lending Act, Florida's Unfair and Deceptive Trade Practices, and the Florida Consumer Collection Practices Act. (*See* D.E. 1) Plaintiff alleged that:

- Defendant lied to Plaintiff and stated that the 2015 Infiniti had **not** been in an accident, when in reality it had.

- Defendant overcharged Plaintiff in his RISC agreement when it represented in the RISC

- agreement that the payoff for Plaintiff's payoff for his trade in vehicle was $10,700.00, when in fact it was only $10,317.00. Plaintiff alleged that Defendant illegally pocketed the difference.

- Plaintiff alleged that Defendant misrepresented a $47.94 DMV EFILE fee as a statutorily required fee when in fact it was nothing more than a profit to the dealer. Plaintiff further alleged that the Defendant did not contain a statutorily required disclosure that "this item represents profit to the dealer."

- Plaintiff alleged that Defendant did not disclose a $699.00 "Dealer doc" fee in its advertisement as required by law.

- Plaintiff alleged that Defendant did not refund the amount that defendant was actually charged in connection with the titling and registration of his vehicle versus the amount that Defendant actually paid.

- Defendant then filed an Answer and Affirmative Defenses on April 5, 2017 denying that Plaintiff was entitled to any of the relief sought.

- The statutes that Plaintiff sued under are all remedial consumer statutes, are to be liberally construed in favor of the consumer, and mandate an award of attorney fees and costs. All of Plaintiff's claims were inexorably intertwined and arose from the transaction in which Plaintiff purchased his 2015 Infiniti from defendant.

## **LITIGATION OF THE CLAIM**

Defendant then proceeded to amount as to what can only be described as scorched earth litigation. Defendant withheld documents and provided vague and incomplete discovery responses throughout the pendency of the litigation. Plaintiff was forced to file four (4) separate Motions to Compel, all resulting in Defendant changing their discovery responses. Defendant also produced a corporate representative for deposition who was not competent to testify as to the key allegations

in Plaintiff's complaint, even though all designated topics were provided to defense counsel more than a month in advance of the deposition. As a result, Plaintiff filed a motion for sanctions, and Magistrate Judge Valle entered an order prohibiting Defendant from introducing testimony at trial that was inconsistent with the testimony given by its corporate representative at his deposition. Defendant was also ordered to pay Plaintiff's attorney fees for the necessity of filing its Motion to Compel.

## THE END RESULTS OF PLAINTIFF'S CLAIM

Ultimately, this Court entered partial summary judgment in favor of Plaintiff for his Truth In Lending Act claim, and in his favor for FDUTPA and the FCCPA in connection with the $47.95 DMV EFILE fee. The Court also entered partial summary judgment in connection with Defendant overcharging Plaintiff in connection with the titling and registration, but subsequently set that aside for a determination by the jury.

## NEGOTIATIONS

Despite having clear liability, and summary judgment entered against it on three (3) of Plaintiff's claims, Defendant was intractable in its position and continued to make low ball offers. Plaintiff and Defendant a private mediation which resulted in an impasse. At Calendar Call, three (3) business days before trial was set to take place, this Court sent the parties to Magistrate Judge Valle for a second mediation. At the mediation, Defendant conceded as to every count alleged by Plaintiff, and did so on the record in open court.

## THE SETTLEMENT

The undersigned was asked by Judge Valle to verify the settlement terms, and for Mr. Buitrago to either agree or disagree. The following exchange took place:

> **MR. CARD:**
> THE TOTAL AMOUNT THAT'S BEING PAID BY DEFENDANT HAIMS MOTORS, INC., TO MR. CABRERA IS $8,000, AND THAT WILL INCLUDE

> THE CLAIMS FOR TILA, THE DMV E-FILE FEE, THE 699 ADVERTISING FEE, THE AUTOMOBILE REPAIRS AND THE FCCPA CLAIMS AND THE INTEREST THAT WAS OTHERWISE CHARGED AS A RESULT OF THE IMPROPER AMOUNT BEING DISCLOSED UNDER RISK AGREEMENT, AS WELL AS THE OVERPAYMENTS IN THE AMOUNT OF $393 ON THE ANTILLA (sic) CLAIM. (See Transcript, Exhibit "A," Page 13, Line 3-9)
>
> **The Court:** Mr. Buitrago, is that your understanding of the settlement that was reached between you?
>
> **Mr. Buitrago:** yes, Your Honor.

As to attorney fees and costs, Judge Valle stated "the parties agree that attorney's fees and costs will be determined by the judge, either Judge Bloom or if she refers the case to me, then by me." (Exhibit "A", Page 13, Line 20-23)

Mr. Buitrago again conceded liability as to Plaintiff's claims under the Truth In Lending Act, the Florida Consumer Collection Practices Act, and the Florida Deceptive and Unfair Trade Practices Act. (Exhibit "A," Page 14, Line 2-22)

The settlement of $8,000.00 to Mr. Cabrera arguably represents everything that he could have received in the event that he went to trial, and prevailed on every single issue before the jury. The $8,000.00 is a greater sum than Plaintiff previously offered to settle the claim for, and was 60% higher than Defendant's greatest offer of $5,000.00, (see Exhibit "B") which was given 3 months after the close of discovery. Further, the offer **stipulated to attorney fees as to all counts.**

## THE SETTLEMENT

This settlement came about after nine (9) months of hard fought discovery, after the close of discovery, and on the eve of trial.

This claim was taken as a purely contingent matter and the result can only be characterized as exceptional. The undersigned was forced to devote an extraordinary amount of time to this claim because of Defendant's conduct, which precluded Plaintiff's counsel from attending to other cases. Plaintiff is the prevailing party in this matter and as such, an award of attorney fees and

4

costs is mandatory.

## MEMORANDUM OF LAW:  ATTORNEYS' FEES

**The Eleventh Circuit's Standards for Assessing Attorney's Fees**

There is no express requirement of proportionality between the amount of a judgment under Florida's Deceptive and Unfair Trade Practices Act (FDUTPA) and the attorney fees and costs incurred in obtaining that judgment. § 501.2105(1), Fla. Stat. Ann.

Award of attorney fees is mandatory under the Truth in Lending Act (TILA) upon finding of TILA violation. Truth in Lending Act §§ 102 et seq., 130, 15 U.S.C.A. § 1601 et seq., 1640. Attorney fees awarded in the Truth in Lending Act (TILA) are not limited by amount of plaintiff's recovery. Truth in Lending Act, §§ 102 et seq., 130, 15 U.S.C.A. § 1601 et seq., 1640.

Disproportionate fees were contemplated in consumer protection litigation. 11 U.S.C.A. § 105(a), 329, 330; 47 U.S.C.A. § 227; Fed. R. Bankr. P. 2017; § 559.55, Fla. Stat. Ann. et seq, and an award of attorney fees and costs is mandatory to a successful Plaintiff under the Florida Consumer Collection Practices Act.

A district court's "decision regarding the appropriate hourly rate may be made either by analyzing the affidavits submitted by counsel or, if this documentation is insufficient, by relying upon the court's expertise." Avirgan v. Hull, 705 F. Supp. 1544, 1549 (S.D. Fla. 1989), order clarified, 125 F.R.D. 189 (S.D. Fla. 1989), and aff'd, 932 F.2d 1572 (11th Cir. 1991), and aff'd, 932 F.2d 1572 (11th Cir. 1991) (*citing* Norman v. Hous. Auth. of City of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988). The reasonable hourly rate is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman, 836 F.2d at 1299 (*citing* Blum v. Stenson, 465 U.S. 886, 895–96 n. 11 (1984). At the heart of the reasonable hours concept is the guidance from the United States Supreme Court requiring fee applicants to use "billing judgment" in listing the hours spent

5

on a case, making "a good faith effort to exclude from a fee request hour(s) that are excessive, redundant, or ***1327** otherwise unnecessary," Hensley v. Eckerhart, 461 U.S. 424, 434 (1983) "irrespective of the skill, reputation or experience of counsel," Norman, 836 F.2d at 1301(emphasis in original) (*citing* Hensley, 461 U.S. at 434.)

Further, it is appropriate for a court to base an attorney's fees award on current hourly rates, rather than historical rates, because such an approach considers that the attorney was not paid for the work when it was performed and also accounts for inflation. *See* McKenzie v. Cooper, Levins & Pastko, Inc., 990 F.2d 1183, 1186 (11th Cir. 1993)

Once the prevailing market rate is determined, it is then multiplied by the number of reasonable hours expended on the matter. Norman, 836 F.2d at 1299. The resulting figure, known as the "lodestar," may thereafter be enhanced or reduced depending on certain circumstances. Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 483 U.S. 711, 745 (1987). **The most important consideration in adjusting a resulting lodestar is the degree of a plaintiff's success in litigation**. Hensley, 461 U.S. at 433. (emphasis added)

**THE PLAINTIFF PREVAILED ON EVERY SINGLE COUNT ALLEGED IN HIS COMPLAINT, AND RECEIVED A SETTLEMENT IN EXCESS OF WHAT PLAINTIFF CALCLULATED HIS BEST DAY IN COURT TO BE JUST TWO (2) DAYS BEFORE TRIAL.**

Considering the statutory damages available, the aggregate of the illegal fees he was charged, and what Plaintiff assessed as the difference in value that the car as sold versus what it was advertised as, Plaintiff assessed the best possible outcome at trial to be $7,144.00. Defendant was entrenched in their position that they would never pay Plaintiff more than $5,000.00. However, at the second mediation before Magistrate Judge Valle, defendant agreed to pay Plaintiff the sum of $8,000.00, plus attorney fees and costs. Given the result just two days before trial,

6

Plaintiff's attorney fees and costs should be paid in their entirety.

## **DETERMINING THE APPROPRIATE HOURS AND HOURLY RATES**

The "fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." Norman, 836 F.2d at 1303; *see also, e.g.,* Am. Civil Liberties Union of Georgia v. Barnes, 168 F.3d 423, 427 (11th Cir. 1999); Duckworth v. Whisenant, 97 F.3d 1393, 1397 (11th Cir. 1996). The Eleventh Circuit has clarified that:

> [t]hat burden includes "supplying the court with specific and detailed evidence from which the court can determine the reasonable hourly rate. Further, fee counsel should have maintained records to show the time spent on different claims and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity…. A well-prepared fee petition also would include a summary, grouping the time entries by the nature of the activity or stage of the case."

Am. Civil Liberties Union of Georgia v. Barnes, 168 F.3d 423, 427 (11th Cir. 1999) (*quoting* Norman, 836 F.2d at 1303). "The general rule is that the 'relevant market' for purposes of determining the reasonable hourly rate for an attorney's services is 'the place where the case is filed." *See* American Civil Liberties Union of Georgia, 168 F.3d at 437 (*quoting* Cullens v. Georgia Dept. of Transp., 29 F.3d 1489, 1494 (11th Cir. 1994). Thus, the applicant must produce satisfactory evidence that the requested rate is within the prevailing market rates and supports the number of hours worked and the rate sought. Hensley, 461 U.S. at 433. "[F]ee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity." Norman, 836 F.2d at 1303.

7

In reviewing each factor above, the result weighs in favor of the hours claimed by Plaintiff's counsel. There are no examples of excessive time being spent on specific tasks. All tasks in the attorney fee affidavit are for work normally billed to a paying client. There are no duplicated services. None of the time billed was nonproductive or clerical in nature. The Affidavit of J. Dennis Card Jr., Esq. as Exhibit "C" and Darren Newhart, Esq., as Exhibit "D" are attached hereto. The affidavits reveal that attorney J. Dennis Card Jr. incurred 111.2 hours of time at an hourly rate of $400.00 ($44,480.00), attorney Darren Newhart incurred 205.8 hours of time at a rate of $325.00 per hour, ($66,885.00) and that paralegal Karen England incurred 38.2 hours of billable time.  ($3,247.00) Thus, the gross fee due to Consumer Law Organization, P.A. reveals that Consumer Law Organization, P.A. expended a combined total of 355.2 hours of time prosecuting the claim, with a total of $114,614.83 in fees incurred.  Also attached hereto as Exhibit "E" in support of the attorney fees, hourly rate and hard costs incurred is a sworn affidavit from attorney Michael Pike[1], who is the managing partner of Poke & Lustig, LLP, and has more than 16 years of litigation experience in this venue. Finally, Plaintiff attached his contemporaneously kept time records hereto as Exhibit "F."

Once the court determines whether the hours are reasonable, it must determine the market rate.  The market rate is the rate that lawyers of similar ability and experience in the community normally charge their paying clients for the work in question. <u>Uphoff v. Elegant Bath, Ltd.</u>, 176 F.3d 399 (7th Cir. 1999). The burden of proving the market rate is on the party seeking the fee award, but once the prevailing party's attorney provides evidence of establishing his market rate, the opposing party must demonstrate why a lower rate should be awarded. <u>Id.</u>  Plaintiff's counsel has testified: that a rate of $400.00 is a reasonable for a lawyer of similar experience and skill in

---

[1] Plaintiff brings to this Court's attention the fact that attorney Michael Pike has opined that an hourly rate of $295.00 is appropriate for Darren Newhart, Esq.

south Florida. Plaintiff's counsel has also submitted an attorney fee affidavit from Michael Pike, Esq. who opines that an hourly rate of $400.00 is reasonable for Mr. Card, and that $295.00 is a reasonable fee for Mr. Newhart, and that Ms. England's paralegal rate of $85.00 was unreasonably low.". There are decided cases awarding $400.00 hourly rates to lawyers with less experience than Mr. Card. *See, e.g.,* CC-Aventura, Inc. v. Weitz Co., LLC, 06-21598-CIV, 2008 WL 276057 (S.D. Fla. Jan. 31, 2008) (holding that an 8–year associate could recover $400.00 per hour.)

Attorney J. Dennis Card Jr. has been awarded $350.00 in a single Plaintiff F.D.C.P.A claim by this Court. Kevin Prescott v. Seterus, Inc. (Case No. 13-cv-62338, D.E. 143), and $375.00 per hour in a single Plaintiff F.L.S.A claim by Judge Dimitrouleas in 2017. (*See* Kirk Thomas v. USA Air Duct Cleaners, LLC., Case No. 16-62540, D.E. 72 and D.E. 73.)

Further, an attorney with far less experience has been awarded $400.00 per hour in 2008. *See, e.g.,* CC-Aventura, Inc. v. Weitz Co., LLC, 06-21598-CIV, 2008 WL 276057 (S.D. Fla. Jan. 31, 2008) (holding that an 8–year associate could recover $400.00 per hour).

The Supreme Court has stated the following regarding the assessment of whether the number of hours submitted is reasonable:

> Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation, and indeed in some cases of exceptional success an enhanced award may be justified.

Hensley, 461 U.S. 424. This language applies to Cabrera in this case, as Cabrera succeeded against the Defendant regarding all causes of action brought by Cabrera, thus, all of the fees should be recoverable. Hensley, 461 U.S. 424. The Eleventh Circuit has agreed with this rationale. Norman, 836 F.2d at 1302.

9

Finally, it is well settled that expended litigation attorney's fees are fully compensable. Thompson v. Pharmacy Corp. of Am., Inc., 334 F.3d 1242, 1244–46 (11th Cir. 2003) (reversing district court's decision to deduct all attorney time attributed to efforts to recover attorney's fees as an abuse of discretion).

## COSTS

Plaintiff submitted his Bill of Costs on February 6, 2018 (D.E. 114) and incorporates the same into the instant motion.  Defendant's position is that Plaintiff is entitled to zero dollars in hard costs, despite the fact that only costs specifically authorized by 28 U.S.C.A. § 1920 are sought by Plaintiff.

## LOCAL RULE 7.3 CERTIFICATION

The undersigned certifies that, pursuant to Local Rule 7.3, he has conferred with counsel for Defendant concerning the issues raised by this Motion and could not resolve the same without judicial intervention. Specifically, counsel for Defendant's position is that although Plaintiff is unquestionably the prevailing party on fee shifting consumer protection statutes, and although this Court specifically told him at Calendar Call that attorney fees would be awarded, and further that he agreed to attorney fees in the settlement conference with Judge Valle- that Plaintiff's counsel is entitled to ZERO dollars for attorney fees, and also ZERO dollars for expenses incurred.  This position is patently unreasonable, and should give this Court an indication of what was necessary in order to successfully prosecute this claim.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter an Order awarding him $114,614.83 for attorneys' fees as the prevailing party under the Truth In Lending Act, the Florida Consumer Collection Practices Act and the Florida Deceptive and Unfair Trade Practices Act.

Dated: February 23, 2018                       Respectfully submitted,
                                               /s/ J. Dennis Card Jr.
                                               J. Dennis Card, Jr., Esq. (FL Bar No: 0487473)

>E-mail: dennis@cloorg.com
>/s/ Darren R. Newhart
>Darren R. Newhart, Esq. (FL Bar No: 0115546)
>E-mail: darren@cloorg.com
>CONSUMER LAW ORGANIZATION, P.A.
>721 US Highway 1, Suite 201
>North Palm Beach, Florida 33408
>Telephone: (561) 822-3446
>Facsimile: (305) 574-0132
>*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 23rd day of February, 2018, I presented the foregoing to the Clerk of the Court for filing and uploading to the CM/ECF system which will send a notice of electronic filing to the following:  Ernesto Buitrago, Esq., Attorney for Defendant.

>/s/ J. Dennis Card, Jr.
>J. Dennis Card, Jr., Esq.