UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-CV-60500-BLOOM/VALLE

MANUEL CABRERA,

     Plaintiff,

v.

HAIMS MOTORS, INC.,

     Defendant.

_____/

## REPORT AND RECOMMENDATION TO DISTRICT JUDGE

THIS MATTER is before the Court upon Plaintiff Manuel Cabrera's Motion for Attorney's Fees (ECF No. 118) and Motion for Taxation of Costs (ECF No. 114) (together, the "Motions"). United States District Judge Beth Bloom has referred the Motions to the undersigned for a Report and Recommendation. (ECF No. 119). Accordingly, having reviewed the Motions, Defendant's Responses (ECF Nos. 117 and 131), and Plaintiff's Replies (ECF Nos. 122 and 132), and being otherwise duly advised in the matter, the undersigned respectfully recommends that the Motions be **GRANTED IN PART** to award Plaintiff the reasonable attorneys' fees and costs incurred in this matter.

## I.    BACKGROUND

The District Court's Order on Plaintiff's Motion for Partial Summary Judgment ("Summary Judgment Order") provides a comprehensive summary of the facts of this case. *See Cabrera v. Haims Motors, Inc.*, 288 F. Supp. 3d 1315, 1318-19 (S.D. Fla. 2017). Relevant here, the District Court granted partial summary judgment to Plaintiff. It found Defendant liable under the federal Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, for failing to disclose that

the lien on Plaintiff's trade-in vehicle was less than originally estimated, making the value of the trade-in greater and thus reducing the amount of financing needed to purchase the vehicle. *Id.* at 1320-22. The Court also found Defendant liable under the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. § 501.201 *et seq.*, and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.72 *et seq.*, based on Plaintiff's claims that the vehicle purchase agreement failed to disclose a $47.95 DMV E-file fee and on Defendant's failure to refund a titling and registration overcharge.[1] *Id.* at 1323-26. The Court, however, found a genuine dispute of material fact and denied summary judgment on Plaintiff's claim that inaccuracies in the advertisement on Defendant's website amounted to a violation of FDUTPA and FCCPA. *Id.* at 1322.

Shortly before trial was set to commence on the remaining issues, the parties attended a settlement conference before the undersigned and succeeded in settling their dispute. (ECF No. 111). Under the terms of the settlement, Defendant agreed to pay $8,000 to Plaintiff in exchange for a full release from liability on all claims. (ECF Nos. 116 at 14:2-9 and 126-1). The parties further agreed that the Court would determine the issue of attorney's fees and costs. (ECF No. 116 at 12:21-24, 14:10-12, and 15:13-16).

Accordingly, Plaintiff has now filed the Motions, requesting $114,614.83 in fees and $1,976.80 in costs. Plaintiff's fee request is based upon 111.2 hours expended by attorney J. Dennis Card, Jr. at a $400 hourly rate, 205.8 hours expended by attorney Darren Newhart at a $325 hourly rate, and 38.2 hours expended by paralegal Karen England at a rate of $85 per hour. (ECF No. 118 at 8).

---

[1] Subsequently, the District Court granted Defendant's motion seeking relief from that portion of the Summary Judgment Order that found Defendant violated FDUTPA and FCCPA by failing to refund the titling overcharge. (ECF No. 94). The Court did so based on evidence provided by Defendant that it had in fact provided a full refund check for this amount to Plaintiff, which Plaintiff had cashed. (*Id.*)

## II.     <u>LEGAL STANDARD</u>

Generally, under the "American Rule," each party must pay its own attorney's fees, unless a statute or contract provides otherwise. *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 252-53 (2010); *see also In re Martinez*, 416 F.3d 1286, 1288 (11th Cir. 2005) (prevailing litigants are generally not entitled to an award of attorney's fees unless provided by statute or contract); *Hampton's Estate v. Fairchild-Fla. Const. Co.*, 341 So. 2d 759, 761 (Fla. 1976) (attorney's fees are not recoverable unless a statute or a contract specifically authorizes their recovery). Moreover, the "'fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates.'" *ACLU of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (quoting *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988)). Because the right to attorney's fees must be found in a contract or statute, the specific text of the contractual or statutory provision granting the right is critical to determining an award of fees. *Florida Medical Ctr. v. McCoy*, 657 So. 2d 1248, 1250 (Fla. 4th Dist. Ct. App. 1995).

## III.     <u>ENTITLEMENT TO ATTORNEY'S FEES AND COSTS</u>

The three statutes at issue in this litigation all contain fee-shifting provisions. TILA awards successful plaintiffs "the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1640(a)(3). FDUTPA provides that "[t]he trial judge may award the prevailing party the sum of reasonable costs incurred in the action plus a reasonable legal fee for the hours actually spent on the case." Fla. Stat. § 501.2105. FCCPA mirrors TILA, providing for the recovery of "court costs and reasonable attorney's fees incurred." Fla. Stat. 559.77(2). Defendant does not seriously dispute that Plaintiff is entitled to recover his attorney's fees. *See* (ECF No. 131). Instead, Defendant contends that Plaintiff's fee request is excessive in light of the results achieved in the case. (ECF No. 131 at 3-7). Accordingly, and given the

applicable fee-shifting statutes in this case, the undersigned finds that Plaintiff is entitled to recover attorney's fees and will focus instead on the reasonableness of Plaintiff's request.

## IV.   DETERMINING REASONABLENESS OF ATTORNEY'S FEES AND COSTS

### A.   *The Lodestar Method*

In assessing the reasonableness of a request for attorney's fees in the Eleventh Circuit, courts use the "lodestar" method to calculate an objective estimate of the value of an attorney's services. *Norman*, 836 F.2d at 1299.  Under the lodestar method, the value of an attorney's services is calculated by multiplying the hours that the attorney reasonably worked by a reasonable rate of pay. *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (per curiam) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).  The "'fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates.'"  *ACLU of Ga.*, 168 F.3d at 427 (quoting *Norman*, 836 F.2d at 1303).

Importantly, courts are not authorized "to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded."  *Id.* at 428.  When a request for attorney's fees is unreasonably high, a court may "conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut."  *Bivins v. Wrap it Up, Inc.,* 548 F.3d 1348, 1350 (11th Cir. 2008) (per curiam); *see also Procaps S.A. v. Patheon Inc.*, No. 12-24356-CIV, 2013 WL 6238647, at *17 (S.D. Fla. Dec. 3, 2013) (reducing party's fee request with across-the-board cut based upon billing inefficiencies).  Although courts may apply either method, they cannot apply both.  *Bivins*, 548 F.3d at 1351.  Finally, courts need not become "green-eyeshade accountants."  *Fox v. Vice*, 563 U.S. 826, 838 (2011).  Instead, the essential goal for the court is to "do rough justice, not to achieve auditing perfection."  *Id.*

     **B.**    ***Reasonable Hourly Rates***

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299 (citing *Blum v. Stenson*, 465 U.S. 886, 895-96 n.11 (1984)).   The relevant market is "the place where the case is filed."   *ACLU of Ga.*, 168 F.3d at 437 (internal quotation marks omitted).   Here, the relevant legal community is South Florida.

In determining reasonable hourly rates in South Florida, the undersigned may also consider certain factors, including "the attorney's customary fee, the skill required to perform the legal services, the attorney's experience, reputation and ability, the time constraints involved, preclusion of other employment, contingency, the undesirability of the case, the attorney's relationship to the client, and awards in similar cases."   *Mallory v. Harkness*, 923 F. Supp. 1546, 1555 (S.D. Fla. 1996) (citing factors articulated in *Johnson v. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974) (the "*Johnson factors*")).[2]   The Court also "'may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value.'"   *Loranger*, 10 F.3d at 781 (quoting *Norman*, 836 F.2d at 1303).

Plaintiff submits that $400 an hour for attorney Card, $325 an hour for attorney Newhart, and $85 an hour for paralegal England are all reasonable rates.   (ECF No. 118 at 8-9).   In support, Plaintiff submits an expert affidavit from attorney Michael J. Pike.   (ECF No. 118-5).   Mr. Pike has been a practicing attorney since 2002 and has been qualified several times as an expert on attorney billing practices.   (*Id.* at 2).   He opines that $400 and $295 per hour are reasonable market rates for attorneys with the experience and skill of Messrs. Card and Newhart,

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit issued prior to the close of business on September 30, 1981.

respectively.  (*Id.* at 3, 4).  Mr. Pike adds that the $85 paralegal rate is unreasonably low.  (*Id.* at 4).

Plaintiff also submits that, within the past two years, Mr. Card has been awarded fees in two separate matters adjudicated in the Southern District of Florida.  (ECF No. 133).  In the first, *Prescott v. Seterus, Inc.*, Case No. 13-62338-Bloom/Valle, the Honorable Beth Bloom awarded Mr. Card $350 per hour in July 2016 in an FCCPA matter.  (*Id.* at 1-2).  In the second, *Thomas v. U.S.A. Air Duct Cleaners, LLC*, Case No. 16-62540-Dimitrouleas/Snow, the Honorable William Dimitrouleas awarded Mr. Card $375 per hour in August 2017 in an FLSA matter.  (*Id.* at 2). Although attorney Newhart has not been awarded fees in other litigation in this District within the past two years, the District Court awarded Mr. Newhart certain fees in connection with a discovery matter earlier in this litigation.  *See* (ECF No. 40).  Plaintiff represents that, following the Court's order, the parties agreed to a rate of $300 per hour for Mr. Newhart's time.  (ECF No. 133 at 2).

The undersigned recommends that fees be awarded at a rate of $375 per hour for Mr. Card's time.  This conclusion is supported by the District Court's 2017 award of fees in *Thomas*.  Moreover, as the parties have previously agreed to a rate of $300 per hour for Mr. Newhart's time (in connection with a discovery fee award), and Mr. Pike's affidavit suggests that $295 is a reasonable rate for Mr. Newhart, the undersigned recommends that Mr. Newhart be compensated at the rate of $300 per hour.  Finally, the undersigned finds reasonable the $85 hourly paralegal rate.

### C.    *Reasonable Hours Expended*

Having considered the reasonable hourly rates, the undersigned next addresses the reasonableness of the hours expended by the attorneys working on the case.  As a general rule, attorneys must exercise what the Supreme Court has termed "billing judgment."  *Hensley,* 461

U.S. at 434.   That means they must exclude from fee applications "excessive, redundant, or otherwise unnecessary hours," which are hours "that would be unreasonable to bill to a client and therefore to one's adversary *irrespective of the skill, reputation or experience of counsel.*" *Norman,* 836 F.2d at 1301 (emphasis in original) (internal quotation marks omitted).

Importantly, "if fee applicants do not exercise billing judgment, courts are obligated to do it for them." *ACLU of Ga.*, 168 F.3d at 428.   The fee applicant also bears the burden of providing specific and detailed evidence so that the court can determine the necessity and reasonableness of the time claimed for the action.   *Id.* at 427, 432-33.   In the end, however, "exclusions for excessive or unnecessary work on given tasks must be left to the discretion of the district court." *Norman*, 836 F. 2d at 1301.

Plaintiff has submitted complete attorney billing records.   (ECF No. 118-6).   Defendant objects to several of the time entries. For example, Defendant contends that certain entries are not recoverable because they reflect work performed prior to the filing of the Complaint.   *See* (ECF Nos. 131 at 7 and 131-2).   The undersigned agrees with Defendant that the hours and charges identified in ECF No. 131-2 should be deducted from the fee award.   More specifically, the following should be deducted: 0.2 hours of Mr. Card's time, 3.3 hours of Mr. Newhart's time, and 0.2 hours of Ms. England's time, for a total deduction of 3.7 hours.

Defendant also points to entries for work it considers redundant or unnecessary.   *See* (ECF Nos. 131 at 8 and 131-1).   These consist mostly of fractional hours billed for e-mails sent by Plaintiff's counsel to Plaintiff, or situations where both of Plaintiff's attorneys spent time reviewing the same document.   *See* (ECF No 131-1 at 1-8).   The undersigned finds these entries are not redundant and should be included in the fee award.

Lastly, Defendant objects to time billed on Plaintiff's motion for discovery sanctions, which was ultimately denied by the Court.   *See* (ECF No. 131-1 at 7).   The undersigned agrees

with Defendant that the 9.3 hours of Mr. Newhart's time associated with the sanctions motion should be deducted from the fee calculation.

In sum, the undersigned recommends that Plaintiff be compensated a total of 342.2 hours (111 hours for Mr. Card, 193.2 hours for Mr. Newhart, and 38 hours for Ms. England). Applying the $375, $300, and $85 hourly rates results in a total fee award of $102,815.

### D.      Costs Pursuant to Federal Rule of Civil Procedure 54

Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). A prevailing party is "a party in whose favor a judgment is rendered, regardless of the amount of damages awarded." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603 (2001) (brackets and internal quotation marks omitted); *see Util. Automation 2000, Inc. v. Choctawhatchee Elec. Coop.*, 298 F.3d 1238, 1248 (11th Cir. 2002). A prevailing party is "entitled to receive all costs that are recoverable under 28 U.S.C. § 1920." *Bryant v. Cab Asset Mgmt., LLC*, No. 10-61514-CIV, 2011 WL 1331267, at *3 (S.D. Fla. Apr. 6, 2011). "Such costs, however, may not exceed those permitted by 28 U.S.C. § 1920." *Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007) (citing *Maris Distrib. Co. v. Anheuser-Busch, Inc.*, 302 F.3d 1207, 1225 (11th Cir. 2002)); *see Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987).

The particular items that may be taxed as costs under 28 U.S.C. § 1920 include:

(1)      Fees of the clerk and marshal;

(2)      Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3)      Fees and disbursements for printing and witnesses;

(4)      Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5)     Docket fees under section 1923 of this title;

(6)     Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Unless otherwise prohibited, "[a] prevailing party may recover costs as a matter of course" and "the losing party bears the burden of demonstrating that a cost is not taxable, unless knowledge regarding the proposed cost is within the exclusive control of the prevailing party." *Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1333 (S.D. Fla. 2009).  Moreover, the Court has the discretion to award those costs specifically enumerated in 28 U.S.C. § 1920, but the Court may not tax as costs any items not authorized by the statute.  *See, e.g.*, *Crawford,* 482 U.S. at 441-42.  Additionally, pursuant to Local Rule 7.3, a bill of costs must include documentation showing the amount of costs and a supporting memorandum.  S.D. Fla. L.R. 7.3(c).  Lastly, although the Court has discretion in determining whether to award costs to a prevailing party, the Court must give a reason for denying costs.  *Head v. Medford*, 62 F.3d 351, 354 (11th Cir. 1995) (per curiam).

Plaintiff asserts that he is the prevailing party and thus entitled to taxation of the costs identified in 28 U.S.C. § 1920.  (ECF No. 114).  More specifically, Plaintiff's seeks taxable and non-taxable costs for fees of the Clerk ($400), summons and service of process fees ($280), and deposition and hearing transcript fees ($1,296).  (ECF Nos. 114 at 3 and 114-1 at 1).

Defendant opposes Plaintiff's request for costs, arguing that Plaintiff is not a "prevailing party" under Rule 54(d)(1), because this matter was resolved by a settlement between the Parties, rather than a final judgment from the District Court.  (ECF No. 117).  Plaintiff, relying upon *American Disability Ass'n, Inc. v. Chmielarz*, 289 F.3d 1315 (11th Cir. 2002), responds that a judgment is not necessary for a party to have prevailed.  (ECF No. 122).

9

In *Chmielarz*, the Eleventh Circuit, applying the Supreme Court's decision in *Buckhannon*, 532 U.S. 598, concluded that whether a party should be considered "prevailing" (and hence entitled to taxation of costs) hinges on the existence of "a judicially sanctioned change in the legal relationship of the parties." *Chmielarz*, 289 F.3d at 1319 (internal quotation marks omitted). The Court noted that such a change exists in the context of a settlement where the court explicitly ratifies the settlement terms and/or retains jurisdiction to enforce the settlement. *Id.* at 1320-21.

Here, the undersigned concludes that Plaintiff is the prevailing party. First, although the District Court did not retain jurisdiction to enforce the terms of the parties' settlement, it did specifically retain jurisdiction to award fees and costs. (ECF No. 127). Moreover, the parties settled their dispute only after the District Court had awarded partial summary judgment in favor of Plaintiff on liability. (ECF Nos. 69 and 94). Lastly, the Settlement Agreement and Release, drafted by Defendant's counsel and signed by both Defendant and Plaintiff, specifically states that "attorney fees and costs shall be awarded by the Court." (ECF No. 126-1 at 2). Accordingly, Plaintiff should be awarded $1,976.80 in costs.

## V.   <u>RECOMMENDATION</u>

For the reasons discussed above, the undersigned respectfully **RECOMMENDS** that Plaintiff's Motions for Attorney's Fees and Costs (ECF Nos. 118 and 114) be **GRANTED IN PART.** The District Court should award Plaintiff $102,815 in attorneys' fees and $1,976.80 in costs.

Within **fourteen (14)** days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this District. 28 U.S.C. § 636(b)(1);

S.D. Fla. Mag. R. 4(b).  The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation.  11th Cir. R.  3-1 (2018); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, on June 1, 2018.

ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc: U.S. District Judge Beth Bloom
    All Counsel of Record

11